UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TERRENCE HENDRICKS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:17CV02160 SNLJ |
| ) | |
| JASON LEWIS, ) | |
| ) | |
| Respondent. ) | |

# MEMORANDUM AND ORDER

This case is before the Court on petition under 28 U.S.C. § 2254 for writ of habeas corpus. The State has filed a response in opposition. Petitioner has filed a reply.

## Statement of Custody and Parties

Petitioner Terrence Hendricks is currently incarcerated at the Southeast Correctional Center in Charleston, Missouri. A jury convicted Petitioner of assault in the first degree, robbery in the first degree, burglary in the first degree, and three counts of armed criminal action. On June 11, 2010, the Circuit Court of the City of St. Louis sentenced Petitioner to 30 years' incarceration for assault, 30 years' incarceration for burglary, and life imprisonment for the remaining counts. Jason Lewis, Warden of the Southeast Correctional Center, is Petitioner's custodian and the proper respondent.

## Statement of the Case

Petitioner raises four grounds for relief: 1) that the trial court erred when it sustained the State's objection to the admission of a 911 tape made by Jeanne Gray because Gray allegedly made inconsistent statements in the tape; 2) that the trial court

erred when it struck Venireperson Watson for cause because Watson indicated that he could be fair and impartial; 3) that trial counsel was ineffective for failing to present evidence that Jennifer Strong had previously identified Petitioner's co-defendant as the shooter; and 4) that trial counsel was ineffective for failing to formally request a continuance and argue that Petitioner was being deprived of counsel of his choice.

Petitioner's first, second, and fourth claims are procedurally barred from review. His first and second claims were raised on direct appeal, but they were not preserved for review and reviewed for plain error only. Failing to preserve a claim for review is an independent and adequate state-law ground for procedural default of a federal habeas claim, even when the claim is reviewed for plain error. Petitioner's fourth claim was never raised in any prior proceeding, so it is barred from review now. Petitioner's third claim was denied by the Missouri Court of Appeals on the merits, and this Court will likewise deny it now.

## Analysis

I. **Petitioner's first and second grounds for relief are barred from review because Petitioner failed to preserve them at trial and, though the Missouri Court of Appeals did review Petitioner's second claim on appeal, it did so under plain error review. Alternatively, both claims are meritless.**

Petitioner's first ground for relief is that the trial court erred when it sustained the State's objection to the admission of a recording of a 911 phone call made by Jeanne Gray. (Doc. 1-2 at 1). His second ground for relief is that the trial court erred when it struck Venireperson Watson for cause. (Doc. 1-2 at 6). Petitioner raised both of these claims on direct appeal, but neither was preserved for review. Petitioner's first ground

2

differed on appeal from the legal theory which Petitioner presented at the time of trial. (Resp. Ex. C at 5). Petitioner's second ground was not preserved in his motion for new trial. (Resp. Ex. A at 28).

When a petitioner raises a claim in a federal habeas petition which was procedurally defaulted in state court, the independent and adequate state ground doctrine mandates the federal court dismiss the claim. *Coleman v. Thompson*, 501 U.S. 722, 729–32 (1991). This rule applies whether the state law ground is substantive or procedural. *Id*. at 729. Here, Petitioner failed to comply with state procedural rules by failing to preserve his first and second grounds for review. The Missouri Court of Appeals declined to review Petitioner's first claim for plain error. (Resp. Ex. C at 7). The court of appeals did review Petitioner's second claim for plain error, but that does not excuse Petitioner's procedural default. *Clark v. Bertsch*, 780 F.3d 873, 876–77 (8th Cir. 2015) (stating that a state court's discretionary plain-error review does not excuse procedural default).

Where a claim is defaulted in state court under an independent and adequate state procedural rule, federal habeas review of the claim "is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750. Petitioner has not demonstrated cause for his default or actual prejudice, nor has he shown that failure to consider his claims would result in a fundamental miscarriage of justice. Because Petitioner failed to preserve his claims for review in state court, his first and second

grounds are procedurally barred from review by this Court. Additionally, even though Petitioner's claims are barred, they are also meritless.

   A. **Petitioner's first ground for relief is meritless**.

Petitioner alleges that the trial court erred when it excluded the tape recording of a 911 call made by the victim's neighbor because the neighbor's in-court description of the victim's shooter allegedly was inconsistent with the description she gave the 911 operator. "The admissibility of evidence in a state trial is a matter of state law*." Clark v. Groose*, 16 F.3d 960, 963 (8th Cir. 1994). A federal court is normally bound by a state court's interpretation of state law. *Id*. However, "a federal court may grant habeas relief when a state court's evidentiary rule 'infringes upon a specific constitutional protection or is so prejudicial that it amounts to a denial of due process.'" *Id*.; citing *Turner v. Armontrout*, 845 F.2d 165 (8th Cir. 1988).

In Petitioner's direct appeal, the Missouri Court of Appeals stated that the trial court's decision to exclude the 911 call was consistent with Missouri law. The court of appeals noted that, "the neighbor's testimony was not inconsistent in any material way with the description she gave the 911 operator." (Resp. Ex. C at 6). Petitioner alleges that at trial, the neighbor testified that the shooter had a white design on his sweatshirt and had dreadlocks, but in the 911 call, the neighbor omitted the details of the white design and the hair. (Doc. 1-2 at 2–3). However, the court of appeals noted that the neighbor admitted at trial that she did not tell the 911 operator about the white design, so the 911 call could not have been used to impeach her. (Resp. Ex. C at 6–7). Moreover, Petitioner admits that he was the only perpetrator with dreadlocks. (Doc. 1-2 at 2 n. 2). Petitioner

4

has not shown a denial of due process by the trial court's exclusion of the 911 call tape recording, so his first ground for relief must fail.

### B. **Petitioner's second ground for relief is meritless**.

Petitioner's second ground for relief is that the trial court erred when it struck venireperson Watson for cause. (Doc. 1-2 at 6). He alleges that Watson stated that he could be fair and impartial and that Watson's exclusion violated Petitioner's Fifth, Sixth, and Fourteenth Amendment rights. *Id*. This claim is plainly meritless. With the exception of capital punishment cases, a criminal defendant does not have a right to any specific juror's presence on the jury. *Lockhart v. McCree*, 476 U.S. 162, 177–79 (1986). Petitioner does not allege that his jury did not consist of qualified jurors.

Moreover, the Missouri Court of Appeals held that the trial court's decision to strike venireperson Watson was supported by the record. (Resp. Ex. C at 8). Watson stated that, in his view, a witness who received a plea bargain in exchange for his testimony would have no credibility, and if the State presented such a witness, "it would be a bad shake for you that you put him up there." *Id*. He later reversed his position under questioning by defense counsel, but the trial court was properly concerned about Watson's potential bias based on his initial statements. *Id*. Petitioner's second ground is meritless.

## II. Petitioner's third ground for relief was denied by the Missouri Court of Appeals during Petitioner's post-conviction relief proceedings. That denial is entitled to deference by this Court.

Petitioner's third ground for relief is that trial counsel was ineffective for failing to present evidence that Jennifer Strong previously identified Petitioner's co-defendant as

5

the victim's shooter. (Doc. 1-2 at 11). Petitioner raised this claim on appeal from the denial of his motion for post-conviction relief and the Missouri Court of Appeals denied it on the merits. *See generally* (Resp. Ex. F). That merits denial is entitled to deference by this Court. *Williams v. Roper*, 695 F.3d 825, 831 (8th Cir. 2012); 28 U.S.C. § 2254(d).

In order to succeed on an ineffective assistance of counsel claim, Petitioner must show 1) that counsel failed to exercise the level of skill and diligence that a reasonably competent attorney would exercise in a similar situation, and 2) that Petitioner was prejudiced by counsel's failure. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "Counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690. To prove prejudice, a petitioner must show there was a reasonable probability that, but for trial counsel's errors, the result of the proceeding would have been different. *Id.* at 694.

Utilizing the *Strickland* standard, the Missouri Court of Appeals held that trial counsel's performance was not deficient. (Resp. Ex. F at 5–6). The witness in question, Jennifer Strong, was apparently a developmentally disabled woman who originally stated that Petitioner assaulted the victim, her father, but later told police that she saw Petitioner's co-defendant near her father. *Id.* at 2. The court of appeals noted that trial counsel "carefully considered how to use the statements made by Jennifer." *Id.* at 6. Trial counsel was prepared to use Ms. Strong's statements on cross-examination, but chose not to when Ms. Strong did not identify who shot her father during trial. *Id.* The court of appeals correctly held that trial counsel's decision not to use Ms. Strong's prior

6

statements was reasonable trial strategy in light of all of the circumstances at trial. *Id*. This Court denies deny Petitioner's third ground for relief.

> III. **Petitioner's fourth ground for relief is procedurally barred from review because Petitioner failed to raise it in state court. Additionally, his fourth ground is meritless**.

Petitioner's fourth ground is that trial counsel was ineffective for failing to "formally request" a continuance and argue that Petitioner was being denied counsel of his choice in violation of the Sixth Amendment. (Doc. 1-2 at 13). Petitioner never raised this claim on direct appeal or in his motion for post-conviction relief. Under Missouri law, if a petitioner raises a claim in a habeas motion which could have been raised on direct appeal or in a post-conviction motion, that claim is procedurally defaulted. *State ex rel. Zinna, v. Steele*, 301 S.W.3d 510, 516 (2010). Only limited circumstances permit a barred claim. Id. When a petitioner raises a claim in a federal habeas petition which was procedurally defaulted in state court, the independent and adequate state ground doctrine mandates the federal court dismiss the claim. *Coleman*, 501 U.S. at 729–32. A procedurally defaulted claim may be raised in a federal habeas petition only if the petitioner can demonstrate cause and actual prejudice, or that he is actually innocent. *Bousley v. U.S.*, 523 U.S. 614, 622 (1998). Petitioner does not allege that any of these exceptions apply here, so his claim is barred from review.

Even if Petitioner's claim was not barred, it is plainly meritless. Petitioner alleges that trial counsel was ineffective for failing to argue that Petitioner was being denied counsel of his choice, but Petitioner was found to be indigent and was represented by the Missouri Public Defender System. A criminal defendant has a right to an attorney, but the

7

Sixth Amendment does not give a defendant the right to an attorney he cannot afford or an attorney who declines to represent the defendant. *Wheat v. U.S.*, 486 U.S. 153, 159 (1988). Additionally, a trial court has "wide latitude" to balance a defendant's right to counsel of choice "against the demands of its calendar." *U.S. v. Gonzalez-Lopez*, 548 U.S. 140, 152 (2006); *see also U.S. v. Rodriguez*, 612 F.3d 1049, 1054–55 (8th Cir. 2010) (holding that day-of-trial motion for substitution of counsel was properly denied).

Here, Petitioner apparently wished for the trial court to continue his case the morning of trial so that a different attorney might enter in place of his court appointed attorney. (Doc. 1-2 at 13). Petitioner was found to be indigent and he has presented no evidence to rebut that finding. The trial court examined Petitioner regarding this issue before voir dire and Petitioner admitted that he had not spoken with the new attorney. (Resp. Ex. K at 14). Petitioner also admitted that the new attorney had not told Petitioner that he would represent him. *Id*. The trial court noted that the new attorney had not entered an appearance on behalf of Petitioner. *Id*.

Petitioner alleges that his mother would have paid a $1,000 retainer fee to a new attorney that morning and that his mother could have told the trial court as much if trial counsel had allowed her to, but the record demonstrates that Petitioner's mother was present during the pre-trial proceedings and apparently did make a statement to the trial court. (Doc. 1-2 at 14); (Resp. Ex. K at 17). If Petitioner's mother was willing to make a $1,000 payment to a new attorney, she could have told the trial court at that time. Moreover, Petitioner's trial counsel could not be ineffective for failing to undertake a futile action, and the trial court clearly stated that it would not grant Petitioner a

continuance the morning of trial. (Resp. Ex. K at 14). Based on these facts, the trial court properly declined to grant Petitioner a continuance. Petitioner's fourth ground is meritless.

## CONCLUSION

For these reasons, Hendricks' petition for a writ of habeas corpus, #1, is **DENIED**.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability. A separate Judgment in accordance with this Memorandum and Order is entered this same date.

Dated this 25th day of September, 2018.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE